UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MADRID,<br><br>          Petitioner,<br><br>     v.<br><br>STU SHERMAN, Warden,<br><br>          Respondent. | Case No.: 1:15-cv-01551-DAD-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS (Doc. 11)<br><br>ORDER DIRECTING OBJECTIONS TO BE FILED WITHIN TWENTY-ONE DAYS |

Petitioner challenges the results of a prison disciplinary hearing which resulted in a sanction of lost credits. However, Petitioner is serving an indeterminate sentence and has met his minimum eligible parole date. Thus, he does not earn and, therefore, cannot lose, credits. Because a successful challenge to the disciplinary sanction *will not necessarily* shorten the overall length of confinement, the Court recommends Respondent's motion to dismiss be **GRANTED**.

I.  Discussion

     A.     Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a motion to dismiss the petition for lack of habeas jurisdiction. Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."

The Ninth Circuit has allowed Respondents to file a motion to dismiss in lieu of an Answer if

the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a Respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a lack of habeas jurisdiction. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal Answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B. Failure to State a Cognizable Habeas Claim

Respondent contends that the basis for the petition's claims, i.e., a due process violation at a prison disciplinary hearing resulting in loss of good-time credits, is not properly subject to federal habeas corpus jurisdiction because, as a prisoner serving an indeterminate sentence, Petitioner cannot establish that the adverse disciplinary finding would "necessarily" impact the duration of his sentence. (Doc. 11, pp. 2-3). The Court agrees with Respondent.

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. Indeed, claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, lie within the "heart of habeas corpus" and are cognizable only in federal habeas corpus. Preiser, 411 U.S. at 499 n.14. In contrast, an action pursuant to 42 U.S.C. § 1983 is appropriate for a state prisoner challenging the conditions of prison life but not

the fact or length of the custody.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).

With respect to prison disciplinary and administrative proceedings, it is established that a constitutional claim concerning the application of rules administered by a prison or penal administrator that challenges the duration of a sentence is a cognizable claim of being in custody in violation of the Constitution pursuant to 28 U.S.C. § 2254.  See, e.g., Superintendent v. Hill, 472 U.S. 445, 454 (1985) (determining a procedural due process claim concerning loss of time credits resulting from disciplinary procedures and findings).  The Supreme Court has held that challenges to prison disciplinary adjudications that have resulted in a loss of time credits must be raised in a federal habeas corpus action and not in a § 1983 action because such a challenge is to the very fact or duration of physical imprisonment, and the relief sought is a determination of entitlement of immediate or speedier release.  Preiser, 411 U.S. 475, 500.

Nevertheless, it is established in this circuit that where a successful challenge to a disciplinary hearing or administrative sanction *will not necessarily* shorten the overall length of confinement, then habeas jurisdiction is lacking.  In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), a prisoner sought relief pursuant to § 1983 for allegedly unconstitutional disciplinary proceedings that resulted in administrative segregation.  It was held that § 1983 was the appropriate remedy because the alleged constitutional errors did not affect the overall length of the prisoner's confinement; success in the § 1983 action would not necessarily result in an earlier release from incarceration, and the § 1983 suit did not intrude upon the core or "heart" of habeas jurisdiction.  Ramirez, 334 F.3d at 852, 858.

While habeas jurisdiction might occasionally be predicated on some such claims if there is a likelihood a favorable outcome would affect the overall length of a prisoner's confinement.  The Ninth Circuit has emphasized that there is an absence of habeas jurisdiction where the challenge will not necessarily shorten the overall sentence.  Ramirez, 334 F.3d at 859.  In Ramirez, expungement of the disciplinary action was not shown to be likely to accelerate eligibility for parole; rather, success there would have meant only an opportunity to seek parole from a board that could deny parole on any ground already available to it.  Thus, the suit did not threaten to advance the parole date.  Id. at 859.

That a disciplinary sanction might, in some abstract way, negatively impact an inmate's

3

chances for being granted parole, however, is insufficient to establish the requisite nexus between the disciplinary hearing and a shortening of the inmate's detention. A liberty interest arises under state law when an inmate is subjected to restrictions that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). The mere possibility, though, of a denial of parole at some later, yet undetermined, time, where one of the considerations for parole is inaccurate information about an inmate's gang membership, does not amount to the denial of a liberty interest. In Sandin, the U.S. Supreme Court concluded that a *possible* loss of credits due to a disciplinary conviction was insufficient to give rise to a liberty interest where "[n]othing in [the State's] code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration." Sandin, 515 U.S. at 487. The Court went on to note that "[t]he decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at this parole hearing in order to explain the circumstances behind his misconduct record." Id. at 487. The Court held that "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause." Id.

In order to demonstrate a liberty interest, an inmate must show that a disciplinary conviction will <u>inevitably</u> lengthen the duration of the inmate's incarceration. Id. The BPH is required by California law to consider a wide range of factors in assessing whether an inmate is suitable for parole. The BPH may consider factors as wide-ranging as the original crime, an inmate's criminal and social history, his conduct in prison, any psychological evaluations, Petitioner's efforts at rehabilitation, his remorse and understanding of the crime and its impacts on the victims, as well as any parole plans he may have. Cal. Code Regs. Tit. 15, § 2402(b)-(d). In other words, any parole decision depends on "an amalgam of elements, some of which are factual but many of which are purely subjective appraisals by the Board members based on their experience with the difficult task of evaluating the advisability of parole release." Greenholtz v. Inmates of Nebraska Corr. & Penal Complex, 442 U.S. 1, 9-10.

Further clarifying the situation, in Nettles v. Grounds, 788 F.3d 922 (9th Cir. 2015), the Ninth Circuit ruled that habeas jurisdiction extends to claims involving prison disciplinary proceedings *only*
4

1  *if* a petitioner's success will "necessarily spell speedier release," including "termination of custody,
2  acceleration of the future date of release from custody, or reduction of the level of custody." Nettles,
3  788 F.3d at 1001. Applying the standard set forth by Skinner v. Switzer, 562 U.S. 521 (2011), the
4  Ninth Circuit held that the district court in that case lacked jurisdiction over the discipline-related
5  claim of a California inmate serving an indeterminate life sentence, but who had met his minimum
6  eligible parole date. Nettles, at 1003–1004.

7  Significantly, the Ninth Circuit held that the restoration of time credits would not necessarily
8  affect the duration of the prisoner's confinement because he had not yet been found suitable for parole
9  and it was unknown what his term would be if he was at some future date found suitable for parole. Id.
10 at 1004.  The Ninth Circuit also rejected the argument that habeas jurisdiction existed because the
11 expungement of the rule violation report would remove "roadblocks to parole" suitability. Id. at 1003.
12 The Ninth Circuit held that though the rule violation report "will likely have some effect on the Board's
13 consideration, there is no basis for concluding that the expungement of this report will 'necessarily
14 spell speedier release'" or reduce his level of custody.  Nettles, 788 F.3d at 1003. Accordingly, the
15 petitioner's claim was not cognizable in habeas.  Id. at 1004.

16 As in Nettles, Petitioner here has passed his minimum eligible parole date but has not yet been
17 found suitable for parole by the Board, as evidenced by the documents submitted with the motion to
18 dismiss.  (Doc. 11, Ex. 1). Under California regulations that are equally applicable here and in Nettles,
19 the disputed disciplinary finding *may* affect the Board's future assessment of Petitioner's suitability
20 for parole, and *if* he is ever found suitable the lost credits will *likely* affect the calculation of his release
21 date. See Nettles, at 1003. The effect of expungement on the duration of confinement under these
22 circumstances, however, is simply "too attenuated" to support habeas jurisdiction. Id.  In sum, the
23 incontrovertible reality of Petitioner's situation is that the Board enjoys tremendous discretion in
24 determining whether and when Petitioner will be released, and it therefore cannot be said that habeas
25 relief for the disciplinary sanctions imposed would "*necessarily* spell speedier release." Skinner, 562
26 U.S. at 535, n. 13. Petitioner's claim is therefore not cognizable in this court.  Accordingly,

27
28

Respondent's motion to dismiss should be granted and the petition dismissed for lack of jurisdiction.[1]

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be GRANTED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed **within 10 days** (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2016**         /s/ Jennifer L. Thurston
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] In the motion to dismiss, Respondent notes that Nettles could dictate a different result if the claim related to continued placement in a security housing unit ("SHU") as a result of the disciplinary hearing. (Doc. 11, p. 2). However, since the petition did not make such a claim, Respondent noted that Nettles did not require a different result. In his opposition to the motion to dismiss, Petitioner, apparently taking the hint, appears to argue that the disciplinary hearing outcome could negatively affect his custody level and, consequently, his programming opportunities, both of which could impact a future parole decision. (Doc. 12, p. 4). The Court will not consider claims raised for the first time in a Traverse and not originally raised in the petition. **Error! Main Document Only.**See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994)(noting that a district court need not consider claims raised for the first time in a traverse). The same logic would preclude the Court from considering claims raised for the first time in an opposition to a motion to dismiss.